Dear Mr. Gegenheimer:
Our office is in receipt of your request for an Attorney General's opinion regarding insurance coverage for the clerk of court's office. Specifically, you have requested an opinion on the following question:
 Can a clerk of court contract with a health maintenance organization (HMO) to obtain group life, health, hospital, surgical or other medical expense to cover the clerk of court and his employees, if the HMO has been issued a certificate of authority by the Louisiana Insurance Commissioner's office to do business in the State of Louisiana as a licensed health maintenance organization?
It has been and remains the opinion of this office that a health maintenance organization is not an insurance company under Louisiana law. (Op.Atty.Gen. 89-218) LSA-R.S. 13:783(F) authorizes the clerks of the district courts to contract for insurance coverage as follows:
 F. Each of the clerks of the district court is authorized to contract separately or through the insurance committee that administers the clerk's insurance fund of the Louisiana Clerks of Court Association to obtain from any insurance company authorized to do business in this state, group life and accidental death and dismemberment, group health, accident, dental, hospital, surgical, or other medical expense and group disability insurance. This insurance may cover the clerk of court, the clerk's employees, dependents of the clerk and the dependents of the clerk's employees. (Emphasis added.)
* * *
A law that is clear and unambiguous shall be applied as written, unless its application leads to absurd consequences. LSA-C.C. Art. 9. Technically speaking, LSA-R.S. 13:783(F) requires that a clerk of court only contract with aninsurance company. While it is a fact that a health maintenance organization is not an insurance company per se, it is our opinion that applying the above statute literally would lead to an absurd result, the result of denying employees an alternative method of obtaining insurance coverage.
Of great importance is the fact that federal law mandates that an employee with 25 or more employees offer a health maintenance organization as an alternative delivery system for insurance purposes. (42 U.S.C. § 300e-9) In the case ofTravelers Health Network v. Orleans Parish Sch. Bd.,842 F. Supp. 236, 237 (E.D.La. 1994), the court's factual background statement includes the following:
 The federal HMO Act, 42 U.S.C. § 300e, et seq.
was enacted in 1973 as part of the federal government's continuing effort to insure the availability of managed health care services to large segments of the American public. Section 300e-9(a)(1)(B) of the Act specifies that states and their political subdivisions which employ at least twenty-five employees per year and offer their employees a health benefits plan must also offer their employees the option of joining a federally-qualified HMO, if one is available in the area.
Therefore, in light of federal law and the standard industry practice of a health maintenance organization being an alternative delivery system for insurance coverage, it is the opinion of our office that a clerk of court may offer to his employees the option of obtaining insurance through a qualified health maintenance organization, if one is available in the area. Additionally, the clerk's of court may want to institute legislation to update the language of LSA-R.S. 13:783.
If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ ANGIE ROGERS LaPLACE Assistant Attorney General